IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DARNELL TRIPLETT,** | : |
| | : |
| Petitioner, | : |
| | : **Case No. 2:23-cv-02619** |
| v. | : |
| | : **Judge Algenon L. Marbley** |
| **WARDEN, CORRECTIONS CENTER** | : |
| **OF NORTHWEST OHIO,** | : **Magistrate Judge Kimberly A. Jolson** |
| | : |
| Respondent. | : |

**OPINION & ORDER**

On August 26, 2023, Petitioner Darnell Triplett filed, with the assistance of counsel, a Petition for Writ of Habeas Corpus. (ECF No. 1). Now before this Court is Petitioner's Objection (ECF No. 11) to the Magistrate Judge's Report and Recommendation ("R&R," ECF No. 10). For the reasons stated below, the Magistrate Judge's R&R (ECF No. 10) is **ADOPTED** in its entirety; Mr. Triplett's Objection (ECF No. 11) is **OVERRULED**; and the Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED WITH PREJUDICE**. Furthermore, because reasonable jurists would not disagree with this Court's conclusion, the Court **DECLINES** to issue a certificate of appealability and **CERTIFIES** to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**I.      BACKGROUND[1]**

The factual background of this case is described extensively in the R&R. (*See* ECF No. 10, 1–3). Because Triplett does not specifically object to that portion of the R&R, this Court adopts

---

[1] For ease of reference, citations to the state court record and accompanying exhibits (ECF No. 5) refer to the "PageID" numbers. For all other records, the page numbers refer to the internal pagination of the document cited.

1

the facts *in toto* while providing only a brief background here. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).

On September 11, 2020, Delaware County Ohio Sheriff's Deputy Brandon Hunter observed a Dodge Charger driving at least ten miles per hour under the posted speed limit on Interstate 71. (ECF No. 10 at 1). Upon running the license plate, Deputy Hunter found that it was expired out of the state of Pennsylvania. (*Id.*). He began a traffic stop and approached the vehicle, informing Triplett that "he had stopped him due to the expired registration and changing lanes too closely to another vehicle." (*Id.* at 2). Two female passengers were also in the car with Triplett. (*Id.*). Triplett then informed Deputy Hunter that the car was a rental and, when asked to produce the rental agreement, Triplett began to rummage in the glovebox. (*Id.*). Triplett then found a registration card, which confirmed that the vehicle's registration was expired. (*Id.*). Concerned that "the Charger may be overdue to be returned to the rental company or stolen," Deputy Hunter aired Triplett's identifiers to dispatch and learned that he had an "armed and dangerous" caution based on a prior conviction, and that he was subject to a protection order. (*Id.*)

Another deputy arrived to assist with the traffic stop and instructed the two female passengers to exit the Charger so that Deputy Hunter's K9 partner could sniff the vehicle. (*Id.* at 3). When they did so, the deputy observed marijuana in the front passenger door. (*Id.*). The deputies then searched the Charger and found three kilograms of cocaine concealed within the vehicle. (*Id.*). Triplett was later indicted by a Delaware County grand jury on one count of possession of cocaine and one count of trafficking in cocaine. *See State v. Triplett*, 2022-Ohio-1371, ¶ 15 (Ohio Ct. App. 2022).

Before trial, Triplett moved to suppress the evidence seized from the vehicle, arguing that it stemmed from an unlawful search and seizure. *Id.* ¶ 19. The trial court held a hearing on the

motion, and thereafter denied it. (ECF No. 5 at 49–65). Triplett was convicted at trial. (*Id*. at 68–70). He appealed the denial of his suppression motion. (*Id.* at 97). The Court of Appeals for the Fifth District of Ohio affirmed the trial court's decision, concluding Triplett had not established a violation of his Fourth Amendment rights because there was "reasonable and articulable suspicion to stop [Triplett's] vehicle" and that the "duration of the stop was not unreasonable." *Triplett*, 2022-Ohio-1371, ¶ 40. The Ohio Supreme Court unanimously declined to accept jurisdiction of Triplett's appeal. *See State v. Triplett*, 167 Ohio St. 3d 1483, ¶ 1, 2022-Ohio-2765, 192 N.E.3d 517 (Ohio 2022).

On August 26, 2023, Triplett filed a Petition for Writ of Habeas Corpus with this Court, raising two grounds for relief. (ECF No. 1). First, he argued that the evidence underlying was "the product of an unlawful search and seizure" and thus "should have been suppressed from use at trial." (*Id*. at 6). Second, he asserted ineffective assistance of appellate counsel. (*Id*. at 8). Respondent Dennis Sullivan, the executive director of the Corrections Center of Northwest Ohio, filed his answer on October 10, 2023. (ECF No. 5). Triplett replied on November 30, 2023, in which he withdrew his ineffective assistance claim. (ECF No. 9 at 2).

On July 24, 2024, the Magistrate Judge issued its R&R, recommending that Mr. Triplett's petition be dismissed with prejudice. (ECF No. 10 at 1). Having filed his objection on August 5, 2024 (ECF No. 11), the R&R on Mr. Triplett's petition is now ripe for consideration.

## II.     STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(3), district courts review a magistrate judge's report and recommendation *de novo* after a party files a timely objection. *See Williams v. Parikh*, 708 F. Supp. 3d 1345, 1351 (S.D. Ohio 2023). This review, however, applies only to "any portion to which a proper objection was made." *Id.* (internal quotation marks and

citation omitted). In response to such an objection, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### III. LAW AND ANALYSIS

Mr. Triplett seeks relief from his state court convictions for drug trafficking under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA authorizes federal courts to review a state court decision that is "contrary to" federal law as established by Supreme Court precedent, 28 U.S.C. § 2254(d)(1); that involved "an unreasonable application of" such precedent, *id.*; or that was based on "unreasonable" factual determinations, *id.* § 2254(d)(2). *See Harris v. Haeberlin*, 526 F.3d 903, 909 (6th Cir. 2008). A district court's review of such a petition, however, "is limited to the record that was before the state court that adjudicated the claim on the merits." *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *see also id*. at 185 n.7. And claims brought in a federal habeas petition must have been "fairly presented" at every stage of the state appellate process. *Wagner v. Smith*, 581 F.3d 410, 418 (6th Cir. 2009); 28 U.S.C. § 2254(b)(1)(A).

In recommending dismissal of Triplett's petition, Magistrate Judge Jolson found the habeas claim non-cognizable because Triplett "does not claim that he was prevented from raising these issues at the suppression hearing or on appeal" or "point to any impediment frustrating the presentation of that claim." (ECF No. 10 at 6). Triplett's petition instead "merely disputes the correctness of the state court's decision." (*Id.*). Magistrate Judge Jolson reasoned Triplett's own arguments procedurally bar him from federal habeas review under the Supreme Court's decision in *Stone v. Powell*, which addressed whether a federal court could consider a petition for habeas corpus relief regarding claims that evidence obtained by an unconstitutional search or seizure was

4

introduced at trial. *See Stone v. Powell*, 428 U.S. 465, 469 (1976). The *Stone* court held that where the petitioner was "provided an opportunity for a full and fair litigation of a Fourth Amendment claim," he cannot receive federal habeas corpus relief on the ground that the state should have suppressed the evidence. *Id.* at 494. Accordingly, federal courts have interpreted *Stone* as a "bar" to habeas review for state court Fourth Amendment suppression claims when the state courts afforded a litigant an opportunity for full and fair consideration. *See e.g.*, *Martin v. Warden, Belmont Corr. Inst.*, No. 2:21-CV-5102, 2024 WL 242500, at *5 (S.D. Ohio Jan. 23, 2024) (adopting Magistrate Judge's conclusion that, when a petitioner is given a full and fair hearing in state court, *Stone* bars a suppression issue from being heard under habeas review), *certificate of appealability denied sub nom. Martin v. Scott*, No. 24-3173, 2024 WL 3984089 (6th Cir. Aug. 5, 2024) *Rashad v. Lafler*, 675 F.3d 564, 570 (6th Cir. 2012) ("Long-standing precedent precludes us from granting habeas relief based on a state court's failure to apply the exclusionary rule of the Fourth Amendment, unless the claimant shows that the State did not provide him "an opportunity for full and fair litigation of [his] Fourth Amendment claim."); *Martin v. Forshey*, No. 22-3910, 2023 U.S. App. LEXIS 14188, at *3 (6th Cir. June 7, 2023) (district court properly denied habeas suppression claim under *Stone* because "Ohio provides criminal defendants with the opportunity to move to suppress evidence obtained in violation of the Fourth Amendment, *see* Ohio Criminal Rule 12(C)(3), and [petitioner] in fact availed himself of it by filing a suppression motion").

In his objection to the R&R, Mr. Triplett recognizes that *Stone* is controlling and limits federal review of suppression claims. (ECF No. 11 at 2). He also concedes that he "pursued his claim vigorously in the state courts." Triplett nonetheless "takes issue with the *process* by which Ohio courts reached their erroneous conclusions," arguing that it falls short of *Stone*'s "full and fair opportunity" standard. (ECF No. 10).

5

In determining whether the state court afforded a habeas petitioner a "full and fair opportunity" to litigate their Fourth Amendment claim in state court, the Sixth Circuit has made clear that *Stone*'s "opportunity for full and fair consideration" means "an available avenue for the prisoner to present his claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim." *Good v. Berghuis*, 729 F.3d 636, 639 (6th Cir. 2013). "[I]n the absence of a sham proceeding, there is no need to ask whether the state court conducted an evidentiary hearing or to inquire otherwise into the rigor of the state judiciary's procedures for resolving the claim." *Id*. Thus, when considering whether a habeas petitioner had a full and fair opportunity to litigate his Fourth Amendment claim, a court simply asks: "Did the state courts permit the defendant to raise the claim or not?" *Id*. at 640.

As in *Good*, Triplett's Fourth Amendment claim must be rejected because he had ample avenues to present the constitutional challenge in state court. Ohio law permits criminal defendants to seek suppression of evidence for constitutional violations through pretrial motions. Ohio R. Crim. P. 12. Triplett is also entitled to an appeal of right, challenging an adverse decision by the trial court on such a motion. Ohio R. App. P. 3(A); Ohio R. App. P. 5(A). As Triplett concedes, he "vigorously" presented his Fourth Amendment challenges using these devices, first in a motion to suppress before the trial court, which held a hearing on the motion and denied it, concluding that the "traffic offense of following too closely justified the stop, and that there was no evidence of an unreasonably prolonged stop.," *Triplett*, 2022-Ohio-1371, ¶ 14; and next, before the Ohio appellate court, which fully considered that claim and, after thorough briefing, affirmed the trial court's decision. *See generally, id.*

Under *Stone,* and as clarified by *Good*, Triplett is not entitled to habeas review simply because he disagrees with the state courts' decisions, or the procedures they used to reach those

6

decisions. Because Triplett was able to, and did in fact, present his Fourth Amendment challenge before the state courts, federal habeas review of this issue is precluded.

Accordingly, Mr. Triplett's Objection to the R&R (ECF No. 11) is **OVERRULED,** and his Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

## IV. CONCLUSION

Having considered Petitioner's grounds for relief *de novo* and his objection to the Magistrate Judge's R&Rs, this Court **ADOPTS** the Magistrate Judge's R&R (ECF No. 10) in its entirety**; OVERRULES t**he Objection (ECF No. 11); and **DISMISSES** the Petition for Writ of Habeas Corpus (ECF No. 1) **WITH PREJUDICE**. Furthermore, because reasonable jurists would not disagree with this conclusion, this Court **DECLINES** to issue a certificate of appealability and **CERTIFIES** to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

_____
ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE

**DATED: February 3, 2025**

7